IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

ROBERT EARL DEARMON, JR.,

        Plaintiff,               No. CIV S-09-1309 GGH P

   vs.

CITY OF ALBANY, et al.,

        Defendants.       <u>ORDER</u>

_____/

        Plaintiff is a prisoner proceeding pro se.  He seeks relief pursuant to 42 U.S.C. § 1983 and has requested authority pursuant to 28 U.S.C. § 1915 to proceed in forma pauperis. This proceeding was referred to this court by Local Rule 72-302 pursuant to 28 U.S.C. § 636(b)(1).

        Plaintiff has submitted a declaration that makes the showing required by 28 U.S.C. § 1915(a).  Accordingly, the request to proceed in forma pauperis will be granted.

        Plaintiff is required to pay the statutory filing fee of $350.00 for this action.  28 U.S.C. §§ 1914(a), 1915(b)(1).  Plaintiff has been without funds for six months and is currently without funds.  Accordingly, the court will not assess an initial partial filing fee.  28 U.S.C. § 1915(b)(1).  Plaintiff is obligated to make monthly payments of twenty percent of the preceding month's income credited to plaintiff's trust account.  These payments shall be collected and

1   forwarded by the appropriate agency to the Clerk of the Court each time the amount in plaintiff's

2   account exceeds $10.00, until the filing fee is paid in full.  28 U.S.C. § 1915(b)(2).

3          The court is required to screen complaints brought by prisoners seeking relief

4   against a governmental entity or officer or employee of a governmental entity.  28 U.S.C.

5   § 1915A(a).  The court must dismiss a complaint or portion thereof if the prisoner has raised

6   claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be

7   granted, or that seek monetary relief from a defendant who is immune from such relief.  28

8   U.S.C. § 1915A(b)(1),(2).

9          A claim is legally frivolous when it lacks an arguable basis either in law or in fact.

10  Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28

11  (9th Cir. 1984).  The court may, therefore, dismiss a claim as frivolous where it is based on an

12  indisputably meritless legal theory or where the factual contentions are clearly baseless.  Neitzke,

13  490 U.S. at 327.  The critical inquiry is whether a constitutional claim, however inartfully

14  pleaded, has an arguable legal and factual basis.  See Jackson v. Arizona, 885 F.2d 639, 640 (9th

15  Cir. 1989); Franklin, 745 F.2d at 1227.

16         A complaint must contain more than a "formulaic recitation of the elements of a

17  cause of action;" it must contain factual allegations sufficient to "raise a right to relief above the

18  speculative level."  Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 127 S. Ct. 1955, 1965 (2007).

19  "The pleading must contain something more...than...a statement of facts that merely creates a

20  suspicion [of] a legally cognizable right of action."  Id., quoting 5 C. Wright & A. Miller, Federal

21  Practice and Procedure 1216, pp. 235-235 (3d ed. 2004).  "[A] complaint must contain sufficient

22  factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  Ashcroft

23  v. Iqbal, No. 07-1015, 2009 WL 1361536 at *12 (May 18, 2009).  "A claim has facial plausibility

24  when the plaintiff pleads factual content that allows the court to draw the reasonable inference

25  that the defendant is liable for the misconduct alleged."  Id.  In reviewing a complaint under this

26  standard, the court must accept as true the allegations of the complaint in question, Hospital

2

1    Bldg. Co. v. Rex Hospital Trustees, 425 U.S. 738, 740 (1976), construe the pleading in the light

2    most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor.  Jenkins v.

3    McKeithen, 395 U.S. 411, 421 (1969).

4               Named as defendants are the City of Albany, Arthur Pagsolingan and Aries

5    Pagsolingan.  Plaintiff alleges that on October 16, 2008, defendant Arthur Pagsolingan used

6    excessive force when detaining him as a burglary suspect.  At that time, defendant Arthur

7    Pagsolingan was acting as an off-duty police officer for defendant City of Albany.  Defendant

8    Aries Pagsolingan, the son of defendant Arthur Pagsolingan, assisted with the detention.

9    Plaintiff was later arrested by a Fairfield police officer.  Plaintiff also alleges that his arrest was

10   improper because it was based on racial profiling by defendant Arthur Pagsolingan.

11              The complaint states a colorable claim for relief against defendant Arthur

12   Pagsolingan for use of excessive force pursuant to 42 U.S.C. § 1983 and 28 U.S.C. § 1915A(b).

13              The complaint contains insufficient allegations against defendant City of Albany.

14   Plaintiff merely concludes that Albany permits racial profiling.  The Supreme Court requires

15   more in a pleading.  Because the complaint contains insufficient allegations against defendant

16   City of Albany, the claims against this defendant are dismissed with leave to amend.

17              As to defendant Aries Pagsolingan, in order to state a claim under § 1983, a

18   plaintiff must allege that:  (1) defendant was acting under color of state law at the time the

19   complained of act was committed; and (2) defendant's conduct deprived plaintiff of rights,

20   privileges or immunities secured by the Constitution or laws of the United States.  42 U.S.C. §

21   1983; see West v. Atkins, 487 U.S. 42, 48 (1988).  The issue of whether a private citizen in

22   assisting the police has been transformed into a state actor is a fact bound issue, and

23   inappropriately addressed in a screening.  See Proffitt v. Ridgeway, 279 F.3d 503, 508 (7th Cir.

24   2002).  Aries remains a defendant in this action.

25              Plaintiff may also be stating a claim against defendant Arthur Pagsolingan based

26   on his alleged misconduct which resulted in plaintiff's criminal conviction or finding of a parole

3

1   violation.  Such a claim is most likely barred pursuant to Heck v. Humphrey, 512 U.S. 477, 114

2   S. Ct. 2364 (1994).  In Heck, an Indiana state prisoner brought a civil rights action under § 1983

3   for damages.  Claiming that state and county officials violated his constitutional rights, he sought

4   damages for improprieties in the investigation leading to his arrest, for the destruction of

5   evidence, and for conduct during his trial ("illegal and unlawful voice identification procedure").

6   Convicted on voluntary manslaughter charges, and serving a fifteen year term, plaintiff did not

7   seek injunctive relief or release from custody.  The United States Supreme Court affirmed the

8   Court of Appeal's dismissal of the complaint and held that:

> in order to recover damages for allegedly unconstitutional
> conviction or imprisonment, or for other harm caused by actions
> whose unlawfulness would render a conviction or sentence invalid,
> a § 1983 plaintiff must prove that the conviction or sentence has
> been reversed on direct appeal, expunged by executive order,
> declared invalid by a state tribunal authorized to make such
> determination, or called into question by a federal court's issuance
> of a writ of habeas corpus, 28 U.S.C. § 2254.  A claim for damages
> bearing that relationship to a conviction or sentence that has not
> been so invalidated is not cognizable under 1983.

15   Heck, 512 U.S. at 486, 114 S. Ct. at 2372.  The Court expressly held that a cause of action for

16   damages under § 1983 concerning a criminal conviction or sentence cannot exist unless the

17   conviction or sentence has been invalidated, expunged or reversed.  Id.

18          Plaintiff's claims against defendant Arthur Pagsolingan implicating the validity of

19   his conviction or parole violation are barred unless the conviction and/or parole violation have

20   been invalidated, expunged or reversed.  Accordingly, this claim is dismissed with leave to

21   amend because there is no claim by plaintiff that his conviction/parole violation has been

22   invalidated, expunged or reversed.

23          If plaintiff's criminal conviction and/or parole violation proceedings are still

24   ongoing, then a claim against defendant Arthur Pagsolingan for misconduct that caused the

25   criminal charges to be made is barred by the Younger doctrine.  See Younger v. Harris, 401 U.S.

26   37, 43-46 (1971) (a federal court should not interfere with ongoing state criminal proceedings

1    absent extraordinary circumstances).

2           Accordingly, all claims but for the claim against defendant Arthur and Aries

3    Pagsolingan for use of excessive force are dismissed with leave to amend.  Plainitff is informed

4    that the court cannot refer to a prior pleading in order to make plaintiff's amended complaint

5    complete.  Local Rule 15-220 requires that an amended complaint be complete in itself without

6    reference to any prior pleading.  This is because, as a general rule, an amended complaint

7    supersedes the original complaint.  See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967).  Once

8    plaintiff files an amended complaint, the original pleading no longer serves any function in the

9    case.  Therefore, in an amended complaint, as in an original complaint, each claim and the

10   involvement of each defendant must be sufficiently alleged.

11          Accordingly, IT IS HEREBY ORDERED that:

12          1.  Plaintiff's request to proceed in forma pauperis is granted;

13          2.  Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action.

14   The fee shall be collected and paid in accordance with this court's order to the Sheriff of Solano

15   County filed concurrently herewith.

16          3.  Plaintiff's claims against all defendants but for the excessive force claim

17   against defendants Arthur and Aries Pagsolingan are dismissed for the reasons discussed above,

18   with leave to file an amended complaint within thirty days from the date of service of this Order.

19   Failure to file an amended complaint will result in a recommendation that these defendants be

20   dismissed from this action.

21          4.  Upon filing an amended complaint or expiration of the time allowed therefor,

22   the court will make further orders for service of process upon some or all of the defendants.

23   DATED: June 9, 2009

                                        /s/ Gregory G. Hollows

24                              _____

25                              UNITED STATES MAGISTRATE JUDGE

     dear1309.1
26

                                        5