IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

ROBERT EARL DEARMON, JR.,

    Plaintiff,                       No. CIV S-09-1309 LKK GGH P

  vs.

CITY OF ALBANY, et al.,

    Defendants.               ORDER

_____/

        Plaintiff, a state prisoner proceeding pro se, has filed this civil rights action seeking relief under 42 U.S.C. § 1983. The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local General Order No. 262.

        On June 10, 2009, the magistrate judge issued an order concerning, among other issues, the initial screening of plaintiff's complaint pursuant to 28 U.S.C. 1915a. (Doc. No. 7) This order dismissed all but plaintiff's excessive force claims against defendants Arthur Pagsolingan and Aries Pagsolingan, and granted plaintiff leave to file an amended complaint. In particular, this order dismissed any claims against the City of Albany due to insufficient allegations that the city permits racial profiling. Plaintiff never filed an amended complaint

        On August 10, 2009, the magistrate judge filed findings and recommendations

based upon his June 10, 2009 order, which were served on plaintiff and which contained notice to plaintiff that any objections to the findings and recommendations were to be filed within twenty days.  Plaintiff has not filed objections to the findings and recommendations.

The court has reviewed the file and finds only some of the findings and recommendations to be supported by the record and by the magistrate judge's analysis. Specifically, the court declines to adopt the magistrate judge's conclusion that plaintiff has not sufficiently alleged a claim against the City of Albany. Plaintiff alleges the following in his complaint:

> I feel that these officers [sic.] training and racial profiling are a longstanding policy observed and used by City of Albany and the officer [sic.] in its police department. I believe that the City of Albany are [sic.] responsible for the training and racial profiling by its officers, and that these longstanding and outdated policies of violating a persons [sic.] constitutional[,] federal, and state equal protection rights, need to be reformed, and all of the officers employed by the City of Albany need to be retrained, and the policy of racial profiling, [sic.] needs to be undone, so as to respect an individuals [sic.] protected rights, regardless of race, so that these types of violations will not happen in the future.

Complaint at 2-3. The court must liberally construe a pro se plaintiff's complaint "[b]ecause the pro se litigant is far more prone to making errors in pleading than the person who benefits from the representation of counsel." McGuckin v. Smith, 974 F.2d 1050, 055 (9th Cir. 1991) (internal quotations omitted). Upon such a liberal review of plaintiff's complaint, the court concludes that plaintiff has stated a claim upon which relief might be granted against the City of Albany for inadequate training. Inadequate training can support a § 1983 claim, but "only where the failure to train amounts to deliberate indifference to the rights of persons with whom the police come into contact." City of Canton v. Harris, 489 U.S. 378, 388 (1989). The court also concludes that plaintiff has alleged a claim against the City of Albany of having an official policy that caused his constitutional injuries. See Monel v. Dep't of Social Services of New York, 436 U.S. 658 (1978). As such, plaintiff has stated claims against the City of Albany for failure to train and for an unconstitutional policy.

The court, however, agrees with the magistrate's conclusions concerning the proper pleading of excessive force claims against defendants Arthur and Aries Pagsolingan and the dismissal of all other claims.

Accordingly, IT IS HEREBY ORDERED that:

1. All claims but for the excessive force claims against defendants Arthur and Aries Pagsolingan and the failure to train and unconstitutional policy claims against defendant City of Albany are dismissed.

2. The court further orders that the magistrate judge seek counsel to be appointed for Plaintiff.

DATED: December 23, 2009.

*[signature]*
LAWRENCE K. KARLTON
SENIOR JUDGE
UNITED STATES DISTRICT COURT

3